IN THE UNITED STATES DISTRICT COURT

OF THE DISTRICT OF MONTANA

MISSOULA DIVISION

*******

| | |
|---|---|
| ALLIANCE FOR THE<br>WILD ROCKIES, | CV 11-76-M-CCL |
| Plaintiff, | |
| -v- | |
| UNITED STATES DEPARTMENT<br>OF AGRICULTURE, UNITED<br>STATES ANIMAL AND PLANT<br>HEALTH INSPECTION SERVICE,<br>an agency of the U.S. Department<br>of Agriculture, UNITED STATES<br>FOREST SERVICE, an agency of<br>the U.S. Department of Agriculture,<br>LESLIE WELDON, in her official<br>capacity as Regional Forester of<br>Region One of the U.S. Forest Service,<br>UNITED STATES DEPARTMENT<br>OF INTERIOR, UNITED STATES<br>FISH AND WILDLIFE SERVICE,<br>an agency of the U.S. Department of<br>Interior, UNITED STATES<br>NATIONAL PARK SERVICE, an | ORDER |

agency of the U.S. Department of
Interior, and CHRISTIAN MACKAY,
in his official capacity as Executive
Director of the State of Montana
Department of Livestock,

    Defendants,

and

BILL MYERS, individually,

    Intervenor.

*******

Now before the Court is the Motion for Injunction Pending Appeal filed by Plaintiff Alliance for the Wild Rockies. Plaintiff asks the Court to enjoin Defendants from allowing, authorizing, or participating in helicopter hazing operations in grizzly bear-occupied habitat adjacent to Yellowstone National Park ("YNP") until the Ninth Circuit issues a final decision on the merits of Plaintiff's appeal. Plaintiff asserts that it is entitled to an injunction pending appeal because the public interest and balance of equities tip sharply in Plaintiff's favor, Plaintiff is likely to suffer irreparable harm in the absence of relief, and Plaintiff raises

serious questions on the merits.

Defendants and Defendant-Intervenor oppose the motion.

Last year, this Court granted Plaintiff's motion for temporary restraining order to restrain the State of Montana from conducting helicopter hazing of bison. It was obvious to the Court that the threatened Yellowstone grizzly bear was present to some extent in the general location of helicopter hazing outside YNP, and at this time last year the Court had not yet had an opportunity to consider Plaintiff's evidence.  Plaintiff had not yet filed its summary judgment motion and thereby presented its full case to the Court.  Under the circumstances, the Court felt it had no choice but to assume that the case presented serious questions under the Endangered Species Act.  The Court's primary intention then was to stop the helicopter hazing while the question whether or not it should be permitted--which was arguably one of the principal determinations to be made in this case--was under the Court's consideration.  One year later, however, it having become abundantly clear to the Court that Plaintiff is entitled to no relief on the merits, this Court does not believe that injunctive relief is appropriate in this case.

3

The Court has concluded on the merits of this case that helicopter hazing does not pose any harm to the Yellowstone grizzly bear.  By policy and practice, helicopter hazing near Yellowstone National Park is not conducted in the presence of any grizzly bear.  Instances of contact between helicopter hazing activity and grizzly bears have been few and brief.  NEPA analysis has concluded that helicopter hazing may affect, but is not likely to adversely affect grizzly bears.  After reviewing the environmental analysis conducted for the Final Environmental Impact Statement supporting the Intergovernmental Bison Management Plan ("IBMP") and the National Park Service's 2012 Biological Evaluation ("Effects of Hazing Yellowstone Bison on Threatened Grizzly Bears (ECF No. 89-2)), this Court has concluded that there is no new circumstance or information that requires a supplemental EIS as demanded by Plaintiff.  The Court has also concluded that Plaintiff has presented insufficient evidence to support a finding of any taking of grizzly bears under § 9 of the Endangered Species Act.  The Court relied, in part, on the most recent and authoritative scientific statement on the matter, by Dr. Chris Servheen, the USFWS Grizzly Bear Recovery Coordinator, who states that

> [i]n summary, in my experience as a professional grizzly bear biologist for 37 year, I find no evidence in this [helicopter hazing] video that this bear is harmed or 'taken in any way. Occasional helicopter hazing of bison is not an issue for grizzly bear recovery and conservation and it will not harm or harass bears from habitats or result in any measurable impact on the bears or their young.

(ECF No. 71, Supp. AR 1415-16, Servheen Memo. to A. Vandehey, dated 8/22/12.)

As asserted by Defendants Montana Department of Livestock and Christian Mackay, on good authority, the status quo in this case is the IBMP, which has been operating for over ten years, and about as many years of helicopter hazing, without any demonstrable harm to the Yellowstone grizzly bear. The IBMP merely recognizes Montana's authority to conduct helicopter hazing, which arises from Montana's legal authority to manage its own wildlife and protect public health, safety, and welfare.

Plaintiff must satisfy four criteria to demonstrate the appropriateness of an injunction pending appeal. *See Winters v. Natural Res. Def. Council*, 555 U.S. 7, 19-20, 129 S. Ct. 365 (2008). "A plaintiff seeking a preliminary injunction must

5

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 19 (citations omitted). As the Federal Defendants correctly point out, the Court has already found that Plaintiff has not shown a likelihood of success on the merits (and in fact failed to establish standing) and that there has been no showing of a substantial likelihood of irreparable harm to the Yellowstone National Park ("YNP") grizzly bear. Now, saving its best evidence for last, the Plaintiff has attached to its Reply Brief certain voluminous documents (consisting in part of repetitive photographs of grizzly bear paw prints and dated NEPA documents that do not appear to be part of our administrative record) that do not persuade the Court otherwise. However, and to quote the very last sentence of Attachment Six to the Second Declaration of M. Garrity (all attached to Plaintiff's Reply Brief), the September 10, 2012, report of the Interagency Grizzly Bear Study Team concludes that "[t]he consensus among the group is the GYE [Greater Yellowstone Ecosystem] bear population remains healthy and stable at this time and there are

6

no indications the grizzly bear population has entered a prolonged declining trend." (ECF No. 116-2, p. 88.)

Despite the foregoing, even were the Court to assume, *arguendo*, that Plaintiff raises serious questions on the merits, the Court could not, in addition, also find that the balance of the equities tips *sharply* in Plaintiff's favor.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (sliding scale test requiring serious questions going to the merits, a balance of hardships tipping sharply, a likelihood of irreparable injury, and an injunction serving the public interest).  The State of Montana and the Federal Defendants struggled for decades to construct a border management program that serves the needs of the environment, the natural resources, and the public.  The balance of the equities does not favor unraveling that program now to protect against a hypothetical harm to YNP grizzly bears, especially when Plaintiff's own evidence demonstrates that the YNP grizzly bear population is healthy and stable.

The Court concludes that Plaintiff is not entitled to succeed on the merits of the underlying litigation and that Plaintiff has not presented serious questions on

the merits. Plaintiff has failed to demonstrate any likelihood of harm, much less an imminent, irreparable harm. The balance of the equities does not tip at all in Plaintiff's favor and the public interest clearly would be disserved by the proposed injunction. Plaintiff thus fails to support the motion for injunction pending appeal.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Injunction Pending Appeal (ECF No. 110) is DENIED.

DONE and DATED this 15th day of May, 2013.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE